IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KARMELITA PLAINS BULL MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE RICHARD CEBULL, in the matter of case 1:10-CV-00017-RFC-CSO,<br><br>Defendant. | Cause No. CV 10-00029-BLG-RFC-CSO<br><br>RECOMMENDATION AND ORDER |

This matter comes before the Court on Plaintiff Karmelita Plains Bull Martin's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for themselves and their family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to

proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Plains Bull Martin alleges Judge Cebull violated her treaty rights and the treaty rights of seven former plaintiffs challenging the Crow's alleged 2001's Constitution. Plains Bull Martin refers to a pending case, Civil Action No. 10-CV-17-BLG-RFC-CSO. Judge Cebull has not yet ruled in that matter but, in any event, rulings in that case do not control the outcome of this case.

Judges sued under Section 1983 have absolute immunity from suit for actions taken in their official capacity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922-23 (9th Cir. 2004). A judge's immunity applies no matter how "erroneous the act may have been," regardless of how "injurious in its consequences it may have proved[,]" and notwithstanding "the motives with which ... judicial acts are performed." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction,

immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

While judges are immune to suits seeking damages, judicial immunity does not bar claims for injunctive or declaratory relief. *See, e.g., Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Partington v. Gedan*, 961 F.2d 852 (9th Cir. 1992). In the relief section of the Complaint, Plains Bull Martin seeks "for my Crow Nation's original inherent sovereign gov't to be returned according to the quoted 1868 Treaty obligations." (Court Doc. 2, p. 5, ¶ VI). This is the relief requested in Plains Bull Martin's earlier Complaint in 10-CV-17-BLG-RFC-CSO. That Complaint has been recommended for dismissal and the Court will not revisit that decision herein. A plaintiff cannot file suit against the judges in a prior action in an attempt to appeal the rulings of that prior action.

Although no motion to disqualify has been filed, Judge Cebull is the only named Defendant in this case. Pursuant to 28 U.S.C. § 455(b)(5)(i), a judge "shall recuse himself" when he is a party to an action. This requirement, however, is not absolute. A plaintiff may not file frivolous actions against a judge and then seek to disqualify the

judge based on that action. *See United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986)*. Similarly, "even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento County, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008)*. Otherwise, courts could be abused at the behest of litigants.

As such, Plains Bull Martin cannot state a federal claim for relief against this Defendant and the Complaint is without merit. This is not a defect which could be cured by the allegation of other facts. The motion to proceed in forma pauperis should be denied and this matter dismissed.

Because Plains Bull Martin is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998)* (per curiam). No motion for reconsideration will be entertained.

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. There is no point

in allowing an opportunity to pay the filing fee given the frivolous nature of this lawsuit.

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Cebull.

DATED this 24th day of March, 2010.

Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

## ORDER

1. Plains Bull Martin's Motion to Proceed in Forma Pauperis (Court Doc. No. 1) is **DENIED**.

2. Plains Bull Martin's Complaint shall be deemed **DISMISSED** and the Clerk of Court shall close the file.

DATED this 25th day of March, 2010.

RICHARD F. CEBULL
United States District Judge